Pritchett *v.* Overman.

out of court different from those under oath, the facts may be shown to impair his credibility.

Judgment affirmed.

*A. Hall*, for appellant.

*Geo. G. Wright*, for appellee.

———•◦•———

PRITCHETT *et al. v.* OVERMAN.

Where the court recites the facts claimed to have been proved, and directs the jury that they are to determine whether the wrongs were perpetrated or the facts proved, it does not amount to an instruction upon the facts in the case.

Where a court charged the jury upon the legal effect of facts, and in impressive, argumentative terms, urges the support of the majesty of the laws against mob violence, it cannot be regarded as calculated to mislead the jury.

ERROR *to Wapello District Court.*

*Opinion by* GREENE, J. This suit was commenced by Abner Overman against Bird Pritchett *et al.* for false imprisonment. Plea, not guilty. Verdict of guilty, and damages assessed at one hundred and fifty dollars. Judgment accordingly. The only error urged in this court apply to the instructions given to the jury. It is claimed that those instructions are upon the facts in the case; that they are argumentative and calculated to mislead the jury. Upon a careful examination we find that no portion of the elaborate and detailed charge, assumes any fact to be proved. Upon every reference to facts the court state that plaintiff claims to have shown that certain things were done, and in substance concludes upon each point, that the jury are to determine whether the wrongs were perpetrated

or the facts proved ; and if perpetrated or proved, the instructions explained the legal effect. The charge does nothing more than tell the jury what the law is as applied to the facts claimed to be proved, and tells them that they are to find whether the facts are or are not proved.

But it is claimed that the instructions are argumentative and calculated to mislead the jury. To this objection it must be conceded that the charge is long, earnest, and eloquent; that it describes the wrongs claimed to have been proved, in impressive, forcible and perspicuous terms; and it tells the jury with all the ardor of incensed justice that if these wrongs were perpetrated, how repugnant they are to the law of the land, how unjustifiable they were even if sanctioned by any self constituted, unauthorised combination of men, and how repulsive to the peace of society, to the quiet and harmony of the domestic circle, and to the natural and legal rights of citizens. As the evidence is not before us, we cannot well determine to what extent these unusually impressive and labored instructions may have been justified by the circumstances of the case; we must therefore presume that they were appropriate.

But if the plaintiff succeeded in establishing the material facts, which he claimed to have proved, the condition of the country, the prejudiced state of society, and the depraving influence which the prevalence of mob law may have had upon the minds of the jurors, might well justify the bold position and fervent expressions of the court, as an exponant of the law, as an administrator of justice, and as a conservator of the peace.

It may be well to remark, finally, that upon a careful perusal of the entire charge, we see in it no proposition or conclusion that is in conflict with any established rule of law, and that it is not pretended that the damages assessed by the jury are excessive. As the charge, was not upon facts, but only upon the legal effects of them, if the jury found them to be proved, and as it was argumentative in

support of the majesty of the law, we think it was not calcu-
lated to mislead the jury.

Judgment affirmed.

*Geo. G. Wright* and *H. D. Ives*, for plaintiff in error.

*H. B. Hendershott*, *A. Hall*, *C. W. Slasle* and *G.
Acheson*, for defendant.